IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY WHITE, #122615, | ) | |
|     Petition, | ) | |
| | ) | |
| v. | ) | 3:09-CV-0457-P |
| | ) | |
| WARDEN RANDALL WORKMAN, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus filed by an Oklahoma state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Oklahoma State Prison (OSP) in McAlester, Oklahoma. Respondent is the Warden of OSP. The court did not issue process in this case pending preliminary screening.

Statement of the Case: Petitioner seeks to challenge a 1981 Oklahoma state murder conviction for which he was sentenced to life imprisonment. *See White v. State*, 702 P.2d 1058 (Okla. Crim. App. 1985) (affirming conviction and sentence). During the past twenty-five years, Petitioner has unsuccessfully challenged his conviction in state and federal court post-conviction proceedings. *In re Rickey White*, No. 09-6019 (10th Cir. Feb. 18, 2009) (summarizing Petitioner's prior cases). Most recently, the Tenth Circuit Court of Appeals denied him leave to

file a second or successive habeas petition. *Id.*

In the current petition, he requests the court to retain jurisdiction over his petition because the Oklahoma state courts have a "personal bias [and] prejudice against the Petitioner's case." (Petition/Motion to Retain Jurisdiction at 2). He also requests an extension of twenty-five days to submit a brief in support.

<u>Findings and Conclusions:</u> The filing of a habeas corpus petition by an out-of-state prisoner, challenging an out-of-state conviction, requires the court to examine *sua sponte* whether it has jurisdiction over the instant action. *See* Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

28 U.S.C. § 2241(d), which governs federal habeas corpus jurisdiction, provides in pertinent part as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have *concurrent jurisdiction* to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d) (emphasis added); *accord Story v. Collins*, 920 F.2d 1247, 1250-51 (5th Cir. 1991); *see also Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

Because the conviction under attack arose in the Eastern District of Oklahoma, where Petitioner is presently confined, the court lacks jurisdiction over the petition in this case.

Therefore, this case should be dismissed for want of jurisdiction.[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED for want of jurisdiction, and that Petitioner's motions to retain jurisdiction and for extension of time to file brief in support be DENIED.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 13th day of March, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[1] Since the Tenth Circuit Court of Appeals recently denied Petitioner leave to file a second or successive habeas petition, the court need not consider whether it would be proper to transfer this case to the Eastern District of Oklahoma, where Petitioner was convicted and where he is presently confined. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").